# CLAIMANT

*Check if applicable:* ____ Representative, Guardian or Conservator (on behalf of_____ )

____ Representative of Estate (if deceased) (on behalf of_____ )

| NAME | First: Sherra | Middle: | Last: Vincent |
|---|---|---|---|
| HOME ADDRESS | Number and Street: 1516 Long 14th Street | | |
| | City: Bessemmer | State: AL | Zip Code: 35020 |
| Social Security Number: | | Date of Birth (mm/dd/year): 06/17/1950 | |

# IMPLANT CLAIMANT'S SPOUSE (if none, check here ____)

*Check if applicable:* ____ Representative, Guardian or Conservator of Spouse (on behalf of_____)

____ Representative of Spouse's Estate (if deceased) (on behalf of _____)

| NAME | First: | Middle: | Last: |
|---|---|---|---|
| HOME ADDRESS | Number and Street: | | |
| | City: | State: | Zip Code: |
| Social Security Number: | | Date of Birth (mm/dd/year): | |

# OTHER RELEASING PARTY

*Specify relation to Claimant (e.g., former spouse, domestic partner, heir, beneficiary, trustee, etc.):*
_____

| NAME | First: | Middle: | Last: |
|---|---|---|---|
| HOME ADDRESS | Number and Street: | | |
| | City: | State: | Zip Code: |
| Social Security Number: | | Date of Birth (mm/dd/year): | |



# CONFIDENTIAL RELEASE AND INDEMNITY

Claimant (along with, as applicable, other Releasing Parties) has instituted a civil action or has otherwise asserted a claim or a right to assert a claim for personal injury or wrongful death against Astora concerning one or more AMS Pelvic Repair System Product(s). Astora and the other Released Parties have denied and continue to deny any liability based on the claims, allegations and assertions of Claimant (and, if applicable, other Releasing Parties).

A Master Settlement Agreement (the "Settlement Agreement") has been entered into by and among Astora Women's Health, LLC (as successor in interest to American Medical Systems, Inc.'s women's health business, Astora Holdings, LLC, Astora Women's Health Holdings, LLC, and Astora Women's Health Holdings, Inc.) ("Astora"), on the one hand, and, on the other hand, the Mostyn Law Firm and Arnold & Itkin, LLP (individually and collectively, "Claimants' Counsel"), fully and finally to resolve the Settled Claims, as defined below, as part of an aggregate settlement of claims against Astora concerning one or more AMS Pelvic Repair System Product(s).

In consideration of Astora's agreement to pay or cause to be paid the Total Claimant Settlement Amount, as defined below in Section 2.01, and for other good and valuable consideration as set forth in the Settlement Agreement and herein, the receipt and sufficiency of which are hereby acknowledged, this Confidential Release and Indemnity ("Release"), is made and entered into by Claimant and all other signatories to the Release for the benefit of Astora and all other Released Parties. Claimant and all other signatories to the Release, individually and on behalf of the other Releasing Parties, acknowledge, stipulate, covenant and agree as follows:

## I. RELEASE

**1.01** *Complete and General Release and Covenant Not to Sue.*

Claimant and the other Releasing Parties hereby release, acquit, and forever discharge Astora and all other Released Parties of and from any liability whatsoever in respect of all Settled Claims and agree and covenant not to sue Astora or any other Released Party, in any capacity, for any Settled Claim (as defined in Section 1.04 below) against the Released Parties (as defined in Section 1.03 below).

**1.02** *Releasing Parties.*

    a. "Claimant" as used herein encompasses the individual who has had implanted one or more AMS Pelvic Repair System Products and any person or entity asserting a claim on behalf of such an individual who is not legally capable of asserting her own claim (*e.g.*, because of death or incapacity).

    b. The term "other Releasing Parties" as used herein encompasses Claimant's current and former spouses, domestic partners, family members, heirs, beneficiaries, agents, estates, executors, administrators, authorized representatives, guardians, trustees, successors, assigns, and any signatory other than Claimant to this or another Release of the Settled Claims.



    c.    The Claimant and the other Releasing Parties collectively are the "Releasing Parties" and each is a "Releasing Party."

**1.03** ***Released Parties.***

    a.    Each of the persons and entities below is a "Released Party" (and collectively are the "Released Parties"):

    (i)    Astora and any and all of its past, present, and future officers, directors, employees, and shareholders; its past, present, and future parent companies, including, but not limited to, Endo Pharmaceuticals Inc., Endo Health Solutions Inc., formerly known as Endo Pharmaceuticals Holdings Inc., Endo U.S. Inc. and Endo International PLC, subsidiaries, affiliates, divisions, controlling persons, contractors, agents, attorneys, assigns, general or limited partners, servants, and insurers; and all of their respective officers, directors, employees, shareholders, predecessors, successors, assigns, heirs, executors, estate administrators, and personal representatives (or the equivalent thereto);

    (ii)    Any and all suppliers of materials, components, and/or services used in the manufacture of an AMS Pelvic Repair System Product, including the labeling and packaging thereof;

    (iii)    Any and all distributors of an AMS Pelvic Repair System Product, including, but not limited to, wholesale distributors, private label distributors, retail distributors, hospitals and clinics;

    (iv)    Any and all physicians or other medical service providers who implanted, revised and/or explanted AMS Pelvic Repair System Products, provided that: (1) such persons shall be a Released Party only as to claims as to which such persons would have a statutory or common-law equitable right of indemnity against Astora; and (2) no such persons described in this subsection shall be a Released Party to the extent that any claim is based upon his, her or its own independent negligence or culpable conduct, including, without limitation, negligence or professional malpractice asserted against physicians, hospitals, clinics, and other medical service providers; and

    (v)    Any and all past, present, and future officers, directors, principals, employees, shareholders, parent companies, subsidiaries, affiliates, controlling persons, contractors, general or limited partners, clinical researchers, employees, agents, servants, attorneys, insurers, representatives, predecessors, successors, and assignees of any of the above.

    b.    Claimant and other Releasing Parties acknowledge that each Released Party is entitled to enforce this Release. Notwithstanding the above, this Release specifically EXCLUDES any claims or causes of action that Claimant may have related to a pelvic repair system product(s), other than an AMS Pelvic Repair System Product, manufactured, marketed, sold and/or distributed by any other entity other than Astora or the other Released Parties, including presently existing, but unknown, unasserted, unsuspected, or undiscovered causes of action and/or claims.

Vincent Sherra
Release Issued 02/10/202

Page 3 of 7

Exhibit A

Case 22-00045-TOM    Doc 1-1    Filed 09/22/22    Entered 09/22/22 14:37:42    Desc
Exhibit A    Page 3 of 17



**1.04 *Settled Claims.***

The term "Settled Claims" shall mean any and all legal, equitable, administrative or other claims of any kind that have been asserted, or could be asserted, whether now or in the future, by or on behalf of the Claimant or any of the Releasing Parties, including, without limitation, assigned claims or derivative claims, whether known or unknown, asserted or unasserted, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, apparent or unapparent, regardless of the legal, equitable, or other theory upon which they are based, existing now or arising in the future, directly or indirectly out of, relating to, or in any way connected with (i) the purchase, use, manufacture, design, efficacy, warnings, promises or condition, sale, advertising, dispensing, distribution, promotion, sale, marketing, testing, clinical investigation, administration, regulatory approval, prescription, recommendation, implantation, revision, excision, disposal or compliance with regulatory obligations or reporting requirements, including by way of example but without limitation, failure to warn, design defect, manufacturing defect, and/or labeling, of any AMS Pelvic Repair System Product implanted in Claimant prior to the date of execution of this Release (the "Signing Date"); (ii) any alleged representations, promises, statements, warranties (express or implied) or guarantees given or made by anyone affiliated with or representing the Released Parties prior to the Signing Date relating to the AMS Pelvic Repair System Products; and (iii) this settlement of Claimant's and the other Releasing Parties' claim(s) against the Released Parties, except for a claim or action to enforce the terms of this Release. The "Settled Claims" include all claims for damages or remedies of whatever kind or character, known or unknown, that are now recognized or that may be created or recognized in the future by statute, regulation, judicial decision, or in any other manner, for or in respect of, arising out of or relating to any AMS Pelvic Repair System Product implanted in Claimant prior to the Signing Date, including:

    (i)    Personal injury and/or bodily injury, latent injury, future injury, progression of existing injury, damage, disease, death, fear of death, disease or injury, mental or physical pain or suffering, emotional or mental harm, anguish, or loss of enjoyment of life;

    (ii)    Compensatory damages, general damages, special damages, punitive, exemplary, and statutory and other multiple damages or penalties of any kind;

    (iii)    Loss of wages, income, earnings or earning capacity;

    (iv)    Medical expenses, doctor, hospital, nursing, and drug bills;

    (v)    Loss of support, services, consortium, companionship, society or affection, or damage to familial relations, by spouses, former spouses, parents, children, other relatives or "significant others" of Claimant;

    (vi)    Consumer fraud, refunds, unfair business practices, deceptive trade practices, Unfair and Deceptive Acts and Practices, disgorgement of profit, and other similar claims whether arising under statute, regulation, or judicial decision;

    (vii)    Wrongful death and survivorship;

    (viii)    Medical screening and monitoring;



  (ix)  Injunctive and declaratory relief;

  (x)  Economic or business losses;

  (xi)  Prejudgment or post-judgment interest; and

  (xii)  Attorneys' fees.

**1.05** *Scope of Release.*

  a. This Release is intended by Claimant and the other Releasing Parties to be as broad as can possibly be created by Claimant and the other Releasing Parties in favor of the Released Parties with respect to any Settled Claim.

  b. **THIS RELEASE IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED, CHARGED, OR PROVEN THAT SOME OR ALL OF THE CLAIMS OR DAMAGES RELEASED WERE CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, BREACH OF EXPRESS OR IMPLIED WARRANTY, MISREPRESENTATION, VIOLATION OF STATUTE OR COMMON LAW, DEFECTIVE PRODUCT, FAILURE TO WARN, RECKLESS OR INTENTIONAL CONDUCT, MALICE, OR CONDUCT OF ANY TYPE BY ASTORA OR ANY OF THE OTHER RELEASED PARTIES, CLAIMANTS, AND/OR ANY THIRD PARTY**.

**1.06** *Unknown Facts.*

  Claimant and the other Releasing Parties acknowledge that Claimant and/or other Releasing Parties may hereafter discover facts different from, or in addition to, those which they now know to be or believe to be true with respect to Claimant's alleged injuries and losses and/or his or her claims against Astora or any of the other Released Parties arising from or relating in any way to the Settled Claims, and Claimant and the other Releasing Parties agree that this Release shall be and remain effective in all respects, notwithstanding such different or additional facts and the subsequent discovery thereof, as to which Claimant and the other Releasing Parties expressly assume the risk. This specifically includes but is not limited to any and all information and facts directly or indirectly derived from information Astora may later produce or disclose in other legal proceedings and any information Claimant and the other Releasing Parties would have obtained as a result of any and all past and pending discovery requests, motions, and disputes. Claimant and the other Releasing Parties agree that this Release shall be effective and shall remain effective in all respects, notwithstanding any such different or additional facts and the subsequent discovery thereof. Claimant and the other Releasing Parties acknowledge awareness of, and hereby expressly waive all rights under, any applicable statute or provision such as Section 1542 of the Civil Code of the State of California, which provides as follows:

Vincent Sherra
Release Issued 02/ 0/202

Page 5 of 7

Exhibit A

Case 22-00045-TOM Doc 1-1 Filed 09/22/22 Entered 09/22/22 14:37:42 Desc
Exhibit A Page 5 of 17



**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**1.07** *Indemnification.*

a. Claimant, individually and on behalf of the other Releasing Parties, shall indemnify and hold harmless Astora and each other Released Party from any fees, costs, expenses, damage, liability, reimbursement, or loss, including reasonable attorneys' fees and disbursements, incurred as a result of any (i) claim by any of the Releasing Parties asserting Settled Claims against a Released Party; (ii) reimbursement obligations, liens, subrogated interests/rights, claims, causes of action, or encumbrances pertaining to the Settled Claims against the Released Parties including, but not limited to, medical expenses, physicians' expenses, or other health care provider expenses, including any claims asserted by hospitals or other medical care facilities, private or government health insurers, including but not limited to Medicare, Medicaid, TRICARE, Veterans Administration, Indian Health Services, or any other third party, arising from or based upon the provision of past, present or future medical care and treatment of Claimant that relate to the Settled Claims against the Released Parties, or for the discharge of any liens relating to the foregoing; (iii) fees and expenses owed or alleged to be owed to any attorneys who have a financial interest in the Settled Claims against the Released Parties; (iv) tax liability of Claimant and the other Releasing Parties associated with the terms of this Release or any payments made to or for the benefit of Claimant and the other Releasing Parties pursuant to this Release; (v) fees, costs, expenses, Medical Claims or other amounts to be withheld or deducted from the Total Claimant Settlement Amount; or (vi) any errors, omissions or mistakes in the calculation of any of the foregoing, except for any such errors, omissions or mistakes that are the fault of Astora, Ankura, or any other Released Party.

b. Claimant, individually and on behalf of the other Releasing Parties, shall indemnify and hold harmless Astora and each other Released Party from and against any claim, cost, expense, damage, liability or loss incurred by any Released Party, including reasonable fees and disbursements of legal counsel engaged by any of them in connection with any investigative, administrative, judicial or other legal proceeding, relating to or arising out of any breach by Claimant or other Releasing Party of any of his or her representations, warranties or covenants in this Release or other document delivered pursuant hereto.

c. Indemnification under this Release shall not exceed the amount of the Total Claimant Settlement Amount received by such Claimant, and where applicable other Releasing Parties, after the MDL 2325 Fund payment and any reductions of fees, costs, and other expenses (including attorneys' fees) as required by the Settlement Agreement and this Release (excluding Liens or Other Interests) and will be applicable only to the extent such indemnification is available as a matter of law.

Vincent Sherra
Release Issued 02/10/202

Page 6 of 7

Exhibit A

Case 22-00045-TOM   Doc 1-1   Filed 09/22/22   Entered 09/22/22 14:37:42   Desc
Exhibit A   Page 6 of 17



**1.08** *Dismissal of Settled Claims; Court Approvals.*

Claimant agrees to execute, or direct Claimants' Counsel to execute, any documents necessary to effectuate a dismissal with prejudice and without costs of the Settled Claims against Released Parties named in lawsuits brought by the Claimant or other Releasing Parties, and any other action necessary for this Release or the transfer of funds pursuant to this Release to be legal, valid, binding and enforceable against Claimant and the other Releasing Parties, and directs Claimants' Counsel to provide such dismissals to Astora and to authorize Astora to submit such dismissals to the applicable court(s) upon this Release becoming effective.

## II. SETTLEMENT PROCESS AND PAYMENTS

**2.01** *Settlement and Payments.*

a. The term "Total Claimant Settlement Amount" shall mean the portion of the Settlement Amount paid into, or caused to be paid into, the Settlement Trust by Astora and allocated to or on behalf of the Claimant's and other Releasing Parties' Settled Claims against the Released Parties.

b. Claimant and other Releasing Parties acknowledge that Astora shall have no obligation to make any payments with respect to their Settled Claims against the Released Parties until the Settlement Agreement requirements for such payment have been fully satisfied.

c. Claimant and other Releasing Parties acknowledge that pursuant to Pretrial Order No. 77, as amended by Pretrial Order No. 174, five percent (5%) (or such other amount as may be directed by order of the MDL Court or other certification authorized by the MDL Court) of the Total Claimant Settlement Amount shall be paid to the MDL 2325 Fund.

d. Claimant and other Releasing Parties acknowledge that a portion of the Total Claimant Settlement Amount (the "Lien Resolution Holdback Amount") shall be withheld by the Trustee of the Settlement Trust until Claimant and other Releasing Parties have provided written confirmation that there are no Liens or Other Interests or all such Liens or Other Interests have been resolved. Liens or Other Interests for purposes of this Release means medical and other liens, claims, or rights of subrogation, indemnity, reimbursement, conditional or other payments, or other similar interests related to the Settled Claims or in the proceeds of the settlement thereof (including but not limited to Medical Claims).

e. Claimant and other Releasing Parties understand, agree, and acknowledge that the distribution of the Total Claimant Settlement Amount to Claimants' Counsel, as agent for Claimant, or at Claimant's election, to a Qualified Assignee pursuant to a qualified structured settlement (a "Qualified Structured Settlement") as described under section 130 of the Internal Revenue Code of 1986, as amended, or as otherwise directed by the Settlement Court, constitutes full and adequate consideration for this Release.

f. Claimant and other Releasing Parties shall have no claim or recourse against Astora or any other Released Party for any amounts withheld or deducted from the Total Claimant Settlement Amount, for any fees, costs or expenses (including attorneys' fees)



owed or alleged to be owed to any attorneys who have a financial interest in the Settled Claims against the Released Parties, or for court costs and other expenses incurred by or on behalf of Claimant or other Releasing Parties in prosecuting or otherwise asserting the Settled Claims against the Released Parties, or in participating in the settlement, including the execution and delivery of this Release, or for the discharge of any Liens or Other Interests relating to any of the foregoing, and such withholdings and/or deductions shall not affect the validity of this Release.

      g.    In the event Claimant elects a Qualified Structured Settlement, Claimant acknowledges that Claimant has sole responsibility for, and must consult with his, her, or its own tax advisors regarding the tax, financial, and other consequences of the Qualified Structured Settlement, and shall have no claim against the Trustee, the Settlement Trust, or the Released Parties in the event that the Claimant fails, for any reason, to obtain the tax, financial or other benefits he, she or it expected to achieve from the Qualified Structured Settlement. The Released Parties shall have no liability or responsibility whatsoever for, and will provide no opinion regarding, any tax consequences resulting from payments under the Qualified Structured Settlement.

**2.02** *Medical Bills and Liens.*

      a.    Claimant and the other Releasing Parties acknowledge and agree that all fees, costs, expenses, reimbursement obligations, liens, claims, including subrogation claims, and/or obligations payable to Medicare, Medicare Advantage plans, Medicare cost plans, Medicare health care prepayment plans, Medicare Part D prescription drug plans, state Medicaid agency, or any other governmental entity or program or any private insurance carrier or other third party (each, a "Third-Party Payor/Provider") in respect of medical care or services which arose or will arise directly or indirectly out of and/or relate in any way to the Settled Claims against the Released Parties (collectively, "Medical Claims"), have been paid or will be paid out of the proceeds of this settlement, and are Claimant's responsibility to pay, and that any Liens or Other Interests based on any such Medical Claims will be satisfied by Claimant. Nothing herein is intended to, nor should it be construed as, creating a right of reimbursement for lienholders of obligations upon Claimant, other Releasing Parties, or Claimants' Counsel where none would otherwise exist under applicable state or federal law. This Release does not alter or expand any notice obligations Claimant or other Releasing Parties have by law or contract.

      b.    Claimant and the other Releasing Parties understand and agree that any statements made by Astora or other Released Parties in the process of reporting this settlement to the Centers for Medicare and Medicaid Services ("CMS") pursuant to the Medicare Secondary Payer ("MSP") statute, 42 U.S.C. §1395y(b), and its accompanying regulations and/or any other applicable government entity pursuant to similar reporting obligations are not intended to be an admission of any facts made therein and do not constitute an admission by any party of liability for the allegations of any claims arising directly or indirectly out of and/or relating in any way to the Settled Claims against the Released Parties.

      c.    Claimant and the other Releasing Parties understand that the settlement of claims against the Released Parties could impact their right to future Medicare benefits, including but not restricted to the denial by Medicare of claims for future benefits related to

Vincent Sherra
Release Issued 02/10/202

Page 8 of 7

Exhibit A

Case 22-00045-TOM    Doc 1-1    Filed 09/22/22    Entered 09/22/22 14:37:42    Desc
Exhibit A    Page 8 of 17



the Settled Claims against the Released Parties being released in this Release. Claimant and other Releasing Parties further understand and agree that Claimant and other Releasing Parties hereby waive any private cause of action that relates to any AMS Pelvic Repair System Product implanted in Claimant prior to the Signing Date that Claimant and other Releasing Parties may have under 42 U.S.C. § 1395y(b)(3)(A) against Astora and each other Released Party, even though if such claims were known, such knowledge would materially affect the terms of this Release.

  d. Claimant and the other Releasing Parties understand that each has a responsibility properly to consider Medicare's future interest. If Medicare's future interest is not properly considered, Claimant and other Releasing Parties understand that the CMS may be entitled to recover its future interest from Claimant or other Releasing Parties, and that Astora and other Released Parties are not liable to the CMS for Claimant's or other Releasing Parties' failure properly to consider Medicare's future interest. Recovery of this future interest may include but may not be limited to the following: payment directly to the CMS out of the settlement proceeds and/or revoking/denying Medicare benefits for injury-related or non-injury related medical expenses for a certain amount of time to be determined by the CMS in its sole discretion.

**2.03** *Determination of Settlement Amount.*

  Claimant and the other Releasing Parties acknowledge that Astora and Claimants' Counsel have agreed to an aggregate total Settlement Amount to be paid by Astora in settlement of the Settled Claims against the Released Parties of all of Claimants' Counsel's clients who participate in the Settlement Agreement. Claimant and other Releasing Parties acknowledge and agree that the calculation, allocation, division, and distribution of the Settlement Amount among the claimants participating in the Settlement Agreement are the sole responsibility of the court overseeing this settlement process, the District Court of Wharton County, Texas, 23rd Judicial District (the "Settlement Court"), and for the calculation, allocation and division of the Settlement Amount, an independent neutral third-party Master-in-Chancery ("Special Master") appointed by the Settlement Court. Claimant and other Releasing Parties represent and warrant that the process for such calculation, allocation, division and distribution has been explained by Claimants' Counsel, and that Claimant and other Releasing Parties accept and are satisfied with the Total Claimant Settlement Amount and the method by which such calculation, allocation, and division was recommended by the Special Master and approved by the Settlement Court. Claimant and other Releasing Parties acknowledge, represent and agree that Claimant and other Releasing Parties shall have no recourse against any Released Parties concerning the calculation, allocation, division and distribution of the Settlement Amount.

**2.04** *No Payment in Respect of Non-Physical Injuries.*

  The Releasing Parties and the Released Parties acknowledge that the Total Claimant Settlement Amount is consideration paid in settlement of claims alleging physical injury or physical sickness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended, and that no portion of those sums paid represents exemplary or punitive damages, nor pre-judgment or post-judgment interest, nor payments in respect of non-physical injuries.



## III. ADDITIONAL REPRESENTATIONS, WARRANTIES AND AGREEMENTS OF CLAIMANTS AND OTHER RELEASING PARTIES

**3.01** *Warranty of Capacity to Execute Agreement.*

Claimant and each of the other Releasing Parties signing below represent and warrant that:

a. Claimant and the other Releasing Parties signing below have the capacity, right and authority, legal and otherwise, to execute this Release, settle the Settled Claims against the Released Parties, and receive the consideration set forth herein without the approval of any court or the consent of any trustee or other person or entity, or if such approval or consent is required that it has been obtained and provided to Astora;

b. Unless Claimants' Counsel has otherwise notified Astora in writing during the settlement process, no bankruptcy estate, trustee, or other person or entity, whether private or governmental (other than Claimant and other Releasing Parties) has any known interest in or rights as against Astora or other Released Parties with respect to any Settled Claims against the Released Parties or the Total Claimant Settlement Amount, and there are no other known persons or entities who have or may hereafter acquire the rights of Claimant to proceed against Astora or any of the other Released Parties on any action, claim, demand, cause of action or controversy, arising directly or indirectly out of and/or relating in any way or in any manner whatsoever to the Settled Claims against the Released Parties. Claimant and the other Releasing Parties signing below further warrant that if a court of competent jurisdiction determines that any other person or entity, besides those expressly referenced by name in this Release, has any right to pursue or be a beneficiary of the settlement of these Settled Claims against the Released Parties, this Release shall be amended to add any and all such persons and they must execute this Release prior to distribution of the Total Claimant Settlement Amount;

c. Unless Claimants' Counsel has otherwise notified Astora in writing during the settlement process, Claimant and the other Releasing Parties have not sold, assigned, transferred, conveyed or otherwise disposed of, or mortgaged, pledged or otherwise encumbered, any of the Settled Claims against the Released Parties, or any interests in such claims (excluding any contingent attorney fee agreement with Claimants' Counsel or its referring counsel); and

d. Unless Claimants' Counsel has otherwise notified Astora in writing during the settlement process, no attorney has a pecuniary interest in the settlement proceeds allocated to Claimant, and as applicable other Releasing Parties, other than Claimants' Counsel or its referring counsel.

**3.02** *Complete Settlement of All Settled Claims Against Astora and Other Released Parties.*

a. It is the intent of this Release that Claimant and the other Releasing Parties shall not recover, and Claimant, individually and on behalf of the other Releasing Parties, covenants that Claimant shall not seek to recover by any means, directly or indirectly, any sums for Settled Claims against the Released Parties from Astora or any other Released

Vincent Sherra
Release Issued 02/10/202

Page 10 of 7

Exhibit A

Case 22-00045-TOM   Doc 1-1   Filed 09/22/22   Entered 09/22/22 14:37:42   Desc
Exhibit A   Page 10 of 17



Party, other than the payments to be received pursuant to this Release and the Settlement Agreement.

      b.    If, despite the provisions of this paragraph, Astora and/or any other Released Party incurs any cost, expense, damage, liability or loss due to a claim by any other person or entity (a "Non-Settling Party"), including without limitation any amounts paid in settlement or pursuant to judgment, for contribution, indemnity, subrogation, reimbursement, or otherwise arising directly or indirectly out of and/or relating in any way to a claim brought by Claimant or other Releasing Parties against such Non-Settling Party in respect of a Settled Claim against a Released Party, Claimant, individually and on behalf of other Releasing Parties, shall indemnify and hold harmless Astora and/or such other Released Party for the amount of such cost, expense, damage, liability or loss, including reasonable attorneys' fees and disbursements.

      c.    If, despite the provisions of this paragraph, Claimant and/or any other Releasing Party obtains a judgment at trial against a Non-Settling Party at which trial the liability of any Released Party with respect to a Settled Claim is put in issue and reflected in the verdict, then Claimant and/or such Releasing Party agree to take all steps reasonably requested by Astora and/or any such Released Party to ensure that the amount of that judgment is reduced by the amount, percentage, or share of such judgment that would be attributable to Astora and/or such Released Party in respect of an AMS Pelvic Repair System Product under the applicable judgment reduction rule in the jurisdiction such that Astora and/or any such Released Party shall not be subject to liability or risk of liability by reason of any right to contribution or indemnity asserted by a Non-Settling Party.

**3.03**   ***Consultation with Counsel.***

Claimant and other Releasing Parties signing below acknowledge and represent that Claimant and other Releasing Parties signing below have read this Release and have had the opportunity to confer with Claimants' Counsel concerning its terms, conditions and effects, and that Claimants' Counsel has answered Claimant's and other Releasing Parties' questions to the satisfaction of Claimant and other Releasing Parties. Claimant and other Releasing Parties signing below acknowledge and understand that Claimants' Counsel has approved this Release as to form and content.

## IV. MISCELLANEOUS

**4.01**   ***Waiver of Certain Provisions Relating to Timing of Total Claimant Settlement Amounts.***

If Claimant or other Releasing Parties have any case or claim pending in jurisdictions that have enacted, promulgated or otherwise adopted any statute, regulation or rule containing provisions that establish specific time periods within which settlement funds must be paid to Claimant or other Releasing Parties in connection with any settlement of the Settled Claims and/or impose sanctions, penalties or other similar obligations against the paying party if the settlement funds are not paid within such time periods and/or invalidate or otherwise affect the terms of the settlement of such Settled Claims, Claimant and other Releasing Parties each hereby (i) waives (to the fullest extent permitted by applicable law)

Vincent Sherra
Release Issued 02/10/202

Page of 7

Exhibit A

Case 22-00045-TOM Doc 1-1 Filed 09/22/22 Entered 09/22/22 14:37:42 Desc
Exhibit A Page 11 of 17



his/her rights under any such provisions and (ii) agrees that the Total Claimant Settlement Amount shall be paid in accordance with Section 2.01 of this Release and the Settlement Agreement.

**4.02** *No Admission of Liability or Lack of Merit in Claims.*

Claimant and other Releasing Parties signing below understand, acknowledge and agree that nothing contained in this Release, the negotiations and discussions in connection with this Release, the documents being executed and delivered pursuant to this Release, nor any proceedings or actions taken in furtherance of the settlement or this Release, shall constitute or be deemed or construed as: (i) a presumption, concession or admission of any fact or issue of law, fault, damages, liability or wrongdoing or of any position whatsoever in connection with any matters in litigation or otherwise; or (ii) suggesting any lack of merit in any of Claimant's or other Releasing Party's claims. Any such liability or wrongdoing is expressly denied by Astora and the Released Parties. This Release shall not be offered or received in evidence or otherwise used by Claimant, the other Releasing Parties, or any other person in any civil action or any other action or proceeding arising from or related to the Settled Claims, except in connection with any proceeding to enforce this Release or the Settlement Agreement or to effectuate the liability protections agreed to herein, including without limitation to enforce a defense or counterclaim based on principles of release, accord and satisfaction, good-faith settlement, res judicata, collateral estoppel, judgment bar or reduction, claim or issue preclusion, or any similar liability-limiting defense.

**4.03** *No Tax Advice.*

No opinion regarding the tax consequences of this Release (including any payments made pursuant to this Release) to Claimant, or as applicable other Releasing Parties, is being given or will be given by Astora, nor any other Released Parties, nor Claimants' Counsel, nor will they have any responsibility for any tax consequences or tax payments that may be due in respect of the Release and amount paid to Claimant. Claimant and other Releasing Parties must consult his or her own tax advisors regarding the tax consequences of the Release (including any payments made pursuant to this Release) and any tax reporting obligations Claimant and other Releasing Parties may have with respect thereto. Claimant's and other Releasing Parties' tax obligations, and the determination thereof, are Claimant's and other Releasing Parties' sole responsibility.

**4.04** *Confidentiality.*

Claimant and each of the other Releasing Parties promise, covenant and agree:

a. The terms of the Settlement Agreement, including the Total Claimant Settlement Amount, and this Release and any related Addenda are strictly confidential, and shall not be disclosed by Claimant or other Releasing Parties except as may be necessary to obtain professional advice, to comply with the applicable rules of civil procedure, to comply with an order of a court of competent jurisdiction, or to resolve any Liens or Other Interests, bankruptcy or other court proceeding, or other interests arising directly or indirectly out of or related in any way to the implantation, revision and/or excision of an AMS Pelvic Repair System Product, but in such event only to the extent necessary or required, and with every reasonable effort made to keep such information



confidential.

    b.    If Claimant or other Releasing Parties knowingly breach this confidentiality provision, either directly or indirectly through them or their agents, representatives, employees or family members, then Claimant, individually and on behalf of the other Releasing Parties, agrees to compensate Astora for any injury, loss or detriment, including attorneys' fees, judicially determined to have been suffered by Astora or another Released Party as a result of such breach. Notwithstanding the foregoing, any such compensation under this Release shall not exceed the amount of the Total Claimant Settlement Amount received by such Claimant, and where applicable other Releasing Parties, after the MDL 2325 Fund payment and any reductions of fees, costs, and other expenses as required by the Settlement Agreement and this Release (excluding Liens or Other Interests).

**4.05**   *Severability.*

The invalidity or unenforceability of any provision of this Release shall in no way affect the validity or enforceability of any other provision. If, in any action before any court or other tribunal of competent jurisdiction, any term, restriction, covenant, or promise is held to be unenforceable for any reason, then such term, restriction, covenant, or promise shall be deemed modified to the extent necessary to make it enforceable by such court or other tribunal and, if it cannot be so modified that this Release shall be deemed amended to delete herefrom such provision or portion adjudicated to be invalid or unenforceable, and this Release shall be deemed to be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which such adjudication is made.

**4.06**   *Neutral Interpretation.*

In any claim to construe the terms of this Release, this Release shall be considered the product of negotiation by and between Astora and Claimants' Counsel, as agent for Claimant and other Releasing Parties. No clause or provision shall be interpreted more strongly in favor of or against one party or the other, based upon the source of the draftsmanship, but shall be interpreted in a neutral manner.

**4.07**   *Headings.*

The section headings in this Release are included for convenience only and shall not be deemed to constitute part of this Release or affect its construction.

**4.08**   *Effective Date.*

This Release shall become effective on the latest of (1) the Signing Date, (2) the date all required approvals (if any) from any court, bankruptcy trustee, executor of an estate, or other third-party whose consent to the release is required are received, or (3) the Settlement Court entering an order authorizing the Trustee of the Settlement Trust to disburse some or all of the Total Claimant Settlement Amount.

Vincent Sherra
Release Issued 02/10/202

Page 3 of 7

Exhibit A

Case 22-00045-TOM   Doc 1-1   Filed 09/22/22   Entered 09/22/22 14:37:42   Desc
Exhibit A   Page 13 of 17



**4.09** *Defined Terms.*

Capitalized terms used herein shall have the meanings defined for such terms in this Release and in the Settlement Agreement.

**4.010** *Acknowledgments.*

**CLAIMANT AND ANY OTHER RELEASING PARTY SIGNING BELOW EACH DECLARE AND ACKNOWLEDGE THAT HE/SHE HAS READ AND UNDERSTANDS THE TERMS OF THIS RELEASE, THAT HE/SHE HAS BEEN REPRESENTED BY HIS/HER ATTORNEYS WITH REGARD TO THE EXECUTION OF THIS RELEASE, AND THAT HE/SHE EXECUTES THIS RELEASE VOLUNTARILY AFTER CONSULTATION WITH HIS/HER ATTORNEYS AND WITHOUT BEING PRESSURED OR INFLUENCED BY, AND WITHOUT RELYING UPON, ANY STATEMENT OR REPRESENTATION MADE BY ANY PERSON ACTING ON BEHALF OF ASTORA OR ANY OF THE OTHER RELEASED PARTIES. CLAIMANT AND ANY RELEASING PARTY SIGNING BELOW FURTHER DECLARE AND ACKNOWLEDGE THAT HE/SHE FULLY UNDERSTANDS THE NATURE AND VALUE OF THE CONSIDERATION PROVIDED FOR HEREIN, AND AGREE TO ACCEPT THAT AMOUNT FOR THE RELEASES GRANTED HEREIN.**

**Each individual signing below as a Claimant or Releasing Party declares under penalty of perjury that he/she is accurately and truly identified below and his/her signature is genuine.**

V ncent  Sherra
Re ease Issued  02/ 0/202

Page  4 of   7

Exhibit A

Case 22-00045-TOM    Doc 1-1    Filed 09/22/22    Entered 09/22/22 14:37:42    Desc
Exhibit A    Page 14 of 17



**IN WITNESS WHEREOF,** Claimant, and, if any, the other Releasing Parties signing below, has or have executed this Release, as of the date so noted.

_____ Date: _____
**CLAIMANT SIGNATURE**

### Notarization

STATE OF   §
COUNTY OF   §

  BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Confidential Release and Indemnity, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed and in the capacity therein expressed.

  Given under my hand and seal of office this _____ day of _____, 201_.

_____
Notary Public in and for the State of

**If Notarization is not required, provide witness statement below and copy of Claimant's government-issued photo ID with signature (e.g, driver's license)**

WITNESS:

  I declare under penalty of perjury that, on the date indicated above, _____, who I know and recognize came before me and I witnessed him/her personally signing this "Confidential Release and Indemnity" document.

_____   _____
Name                                                                                  Date
Address
Daytime Telephone No.

V ncent Sherra
Re ease Issued 02/ 0/202

Page 5 of 7

Exhibit A

Case 22-00045-TOM   Doc 1-1   Filed 09/22/22   Entered 09/22/22 14:37:42   Desc Exhibit A   Page 15 of 17



_____ Date: _____
OTHER RELEASING PARTY SIGNATURE

**Notarization**

STATE OF                §
COUNTY OF             §

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Confidential Release and Indemnity, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed and in the capacity therein expressed.

Given under my hand and seal of office this _____ day of _____, 201_.

_____
Notary Public in and for the State of

**If Notarization is not required, provide witness statement below
and copy of the Releasing Party's government-issued photo ID with signature (e.g, driver's license)**

WITNESS:

I declare under penalty of perjury that, on the date indicated above, _____, who I know and recognize came before me and I witnessed him/her personally signing this "Confidential Release and Indemnity" document.

_____        _____
Name                                                                             Date
Address
Daytime Telephone No.
V ncent Sherra
Re ease Issued 02/ 0/202

Page 6 of 7
Exhibit A

Case 22-00045-TOM   Doc 1-1   Filed 09/22/22   Entered 09/22/22 14:37:42   Desc
Exhibit A   Page 16 of 17



_____ Date: _____
OTHER RELEASING PARTY SIGNATURE

**Notarization**

STATE OF          §
COUNTY OF       §

    BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Confidential Release and Indemnity, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed and in the capacity therein expressed.

    Given under my hand and seal of office this _____ day of _____, 201_.

_____
Notary Public in and for the State of

**If Notarization is not required, provide witness statement below
and copy of the Releasing Party's government-issued photo ID with signature (*e.g.*, driver's license)**

WITNESS:

    I declare under penalty of perjury that, on the date indicated above, _____, who I know and recognize came before me and I witnessed him/her personally signing this "Confidential Release and Indemnity" document.

_____     _____
Name                                                     Date
Address
Daytime Telephone No.

